# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **SOURYANA KOUIDER and SADREDDINE BEN TAOFIK CHAIBI** <br> on behalf of their child, <br> John Doe <br> 6088 Pearl Road <br> Parma Heights, OH 44130 <br><br> Plaintiffs, <br> -vs- <br><br> **PARMA CITY SCHOOL DISTRICT** <br> 5311 Longwood Avenue <br> Parma, OH 44134 <br><br> and <br><br> **ANTHONY BAEZ**, in his official and personal capacity <br> 5311 Longwood Avenue <br> Parma, OH 44134 <br><br> Defendants. | **C O M P L A I N T** <br><br> Trial by Jury Endorsed Hereon |

## INTRODUCTION

1. This is an action brought to secure enforcement of federally protected rights arising out of governmental misconduct, encroachment and abuse in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and in its application.

2. The Plaintiffs seek declaratory, injunctive relief and damages.

## CLAIMS AND JURISDICTION

3. This action is initiated pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 to redress the deprivation under color of statue, ordinance, regulation, custom or usage of rights, privileges and immunities secured to plaintiffs under the Fourth and Fourteenth Amendment to the United States Constitution.

4. Jurisdiction is invoked pursuant to 28 U.S.C §§ 1331 and 1343(a)(3) and (4). To the extent declaratory relief is sought, claims are asserted pursuant to 28 U.S.C. §§ 2201 and 2202.

5. At all times relevant to this complaint, Defendants have acted under color of law and under color of the statutes, ordinances, charter, regulations, customs, usages and practices of local government and a government official of the city of Parma, Ohio.

6. With respect to state law claims, jurisdiction is invoked pursuant to 28 U.S.C. § 1367.

## PARTIES

7. Plaintiffs SOURYANA KOUIDER and SADREDDINE BEN TAOFIK CHAIBI, on behalf of their son, John Doe are persons who reside in Cuyahoga County, Ohio within the jurisdiction of the United States District Court for the Northern District of Ohio.

8. Defendant PARMA CITY SCHOOL DISTRICT is a political subdivision of the State of Ohio charged with the administration of a public school district, is obligated to operate pursuant to the rules and regulations of the State of Ohio and pursuant to obligations under the Constitution of the State of Ohio and the United States, and is an entity operating public education in and around the City of Parma and others and is otherwise responsible for the formulation, implementation and enforcement of all policies, practices, procedures, acts and conduct regarding the administration of matters affecting the children attending public schools in those communities and regarding the administration of matters affecting the children, family, employees and board members of the District.

9. Defendant Anthony Baez is the Lead Officer and School Resource Officer (SRO) within Defendant Parma City School District's Department of Safety and Security who was at all relevant times employed by the Parma City School District and remains employed to date.

### Count I

### EQUAL PROTECTION AND DUE PROCESS CLAIMS UNDER THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES

10. Plaintiffs reassert the foregoing allegations and incorporate them by reference as if fully set forth herein.

11. Souryana and Sadreddine are the parents of eight year old John Doe.

12. John Doe attends John Muir Elementary School in Parma, Ohio.

13. John Doe has been diagnosed with a learning disability.

14. Joe Doe is on a plan mandating Defendant Parma City School District's responsibility to accommodate the disability which he suffers.

15. The Plaintiffs, originally from Algeria and Tunisia, are citizens of the United States.

16. School Resource Officers (SROs) are placed in schools to protect the children and to ensure that the school offers a safe learning environment.

17. Since the beginning of this school year, John Doe was referenced as a "DACA" by Parma City School SROs.

18. "DACA" is an acronym for Deferred Action for Child Arrivals but is used pejoratively by SROs based on the ethnicity and ancestry of the parents of John Doe.

19. Although John Doe is a citizen of the United States, he is an Arab-American and considered an Arab by Parma City School District SROs.

20. On or around September 18, 2019, John Doe was accused of acting out in class.

21. SROs Anthony Baez and Nick Santora responded to the classroom and physically restrained John Doe with unreasonable force.

22. Although others within the school district consider John Doe to be a loving child, at least one of the SROs, SRO Santora, has disregarded John Doe as disabled and refers to him openly as a "bad-ass" child.

23. The action to physically restrain John Doe, an eight year old child with a disability, was unnecessary based upon the circumstances.

24. After restraining John Doe, Defendant Baez and Santora took the child to the principal's office.

25. While in the principal's office, Defendant Baez and Santora taunted and provoked the child in order to get him to react.

26. While in the principal's office, Defendant Baez took the child's juice box and drank out of the juice box in front of the child.

27. After being taunted by the SROs, the child attempted to recover his juice box.

28. Instead of handing the juice box to the child, Defendant Anthony Baez sprayed eight year old John Doe in his face and on his clothing by squeezing the juice box toward him.

29. Soaking the child in juice was a form of amusement to Defendant Baez and Santora who freely admitted he found it hilarious.

30. The child verbally accused Baez of spraying him with the juice box.

31. Baez, jousting in an attempt to outwit the disabled child, attempted to turn the situation around and accused John Doe of spilling the juice box all over himself which he knew was untrue.

32. Both Defendant Baez and Santora are recorded admitting to the incident and laughing about it.

33. On September 18, 2019, the child was suspended from school until early October 2019.

34. Defendant Parma City School District conducted an informal hearing in which the disabled child was expected to defend himself against Defendant Anthony Baez.

35. The suspension was issued, at least in part, based on the factual misrepresentations of Defendant Baez.

36. The child is now fearful of returning to school because of the abusive behavior of Defendant Anthony Baez and other adults employed by Defendant Parma City School District.

37. The consequence of the suspension based on factual misrepresentations of Defendant Baez and the actions taken by Defendant Parma City School District have exacerbated the child's understandable fear and anxiety.

38. Defendant Parma City School District failed to properly train its employees in responding to and caring for a disabled child.

39. Defendant Parma City School District failed to properly train its employees in responding to and caring for issues of the diversity of children within the school district.

40. As a child of Arab-Americans, John Doe was targeted by Defendant Baez.

41. Defendant Baez and Santora perceived John Doe as an Arab.

42. As a disabled child, John Doe was targeted by Defendant Baez and Santora.

43. The acts and conduct of Defendants have been in wanton and reckless disregard of the rights and feelings of the Plaintiffs arising out of Defendant Baez's humiliating attack on their child.

44. The acts and conduct of Defendant Baez led to the child being suspended based on the factual misrepresentations of Defendant Parma City School District's Lead Officer and SRO.

45. As a result of the acts and conduct by Defendants, Plaintiffs and their child have been deprived of their personal and individual rights ensured under both the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

46. Defendants knowingly and intentionally violated the rights of Plaintiffs as parents of the child and the rights of the child under both the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

47. As a result of the acts and conduct of Defendants, Plaintiffs and their child have suffered from significant emotional distress, pain and suffering.

48. As a result of the acts and conduct of Defendants, Plaintiffs and their child have been injured because of Defendants' inability to protect their child within the public school environment and cannot assure their child that he will not be

subjected to further acts and conduct which have exacerbated his fear and anxiety.

49. The acts and conduct of Defendants Parma City School District and Anthony Baez resulted as a consequence of their deliberate indifference to the rights of a plaintiffs and their disabled child and in derogation of the equal protection and due process rights of the plaintiffs.

## Count II

### CLAIMS UNDER THE FOURTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES

50. Plaintiffs reassert the foregoing allegations and incorporate them by reference as if fully set forth herein.

51. As an SRO, Defendant Anthony Baez acted under the authority of his governmental position and under color of state law on behalf of Defendant Parma City School District.

52. As a result of the acts and conduct by Defendants, John Doe, the disabled child of the plaintiffs, has been deprived of his personal and individual rights insured under the Fourth Amendment to the Constitution of the United States.

53. Defendant Anthony Baez, while acting under color of state law, detained, physically restrained and attacked a disabled child.

54. In order to cover up his actions, Defendant Anthony Baez overtly made factual misrepresentations about what had occurred and blamed the child for the incident which led to his suspension.

55. Defendant Anthony Baez is recorded admitting his wrongdoing.

56. As a result of the acts and conduct of Defendants, the disabled child of the Plaintiffs, John Doe, has suffered severe emotional distress in addition to other injuries.

57. John Doe's loss is irreparable because it will be impossible to restore a stable emotional state prior to his rights being violated by Defendants.

58. As a result of the acts and conduct of Defendants, Plaintiffs have been injured because of Defendants' inability to protect their child within the public school environment and cannot assure their child that he will not be subjected to further acts and conduct which have exacerbated his fear and anxiety.

59. The acts and conduct of Defendants Parma City School District and Anthony Baez caused pain and suffering by their deliberate indifference to the rights of a disabled child and in derogation of the Fourth Amendment rights of John Doe and the plaintiffs.

## Count III

## CLAIMS ARISING OUT OF DEFENDANT PARMA CITY SCHOOL DISTRICT'S FAILURE TO TRAIN

60. Plaintiffs reassert the foregoing allegations and incorporate them by reference as if fully set forth herein.

61. Defendant Parma City School District is obligated to train and enforce policies of and for its SROs to ensure that citizens are not subjected to inappropriate and abusive police misconduct based on disability, ethnicity or for any other reason.

62. Defendant Parma City School District is obligated to ensure that its SROs understand the consequences of police misconduct and use of excessive or inappropriate unreasonable force

63. Defendant Parma City School District is obligated to be educated about the rights of children and their right not to be wrongfully detained, harassed and battered by its SROs.

64. Defendant Parma City School District knew or should have known that the training of Baez and Santora was inadequate based upon their backgrounds.

65. The acts and conduct of the Parma City School District in failing to ensure that Baez and Santora were not adequately trained as SROs arose out of the deliberate indifference and was in wanton and reckless disregard of the rights and feelings of the plaintiffs and their child.

66. As a result of the failure of Defendant Parma City School District to adequately provide sufficient training concerning the rights of diverse children and those

with disabilities, the child of the plaintiffs has suffered and will continue to suffer substantial emotional distress, physical pain and suffering.

67. The acts and conduct of Defendants have been in wanton and reckless disregard of the rights and feelings of plaintiffs and their child.

## Count IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68. Plaintiffs reassert the foregoing allegations and incorporate them by reference as if fully set forth herein.

69. Being physically restrained by an SRO of Defendant Parma City School District under color of state law would be a traumatizing and disturbing experience for any child and was so for John Doe.

70. Having a SRO spray a juice box in the face of a disabled child and on the body of a disabled child would be a traumatizing and disturbing experience for any child and was so for John Doe.

71. When an SRO, an adult police officer who holds a position of trust and authority over children, drinks out of a child's juice box then sprays it in the child's face, finds the event humorous, then makes factual misrepresentations about the event, it demonstrate an intention to injure and to inflict emotional and mental distress of severe consequence.

72. Defendant Anthony Baez engaged in the intentional infliction of serious emotional and mental distress because he knew that John Doe was a disabled child and believed him to be Arab-American.

73. SROs routinely referred to John Doe as "DACA" in a pejorative manner.

74. By wrongfully restraining John Doe, drinking out of his juice box and spraying him, Defendant Anthony Baez knew it would result in serious emotional and mental distress inflicted by him.

75. Defendant Anthony Baez knew his conduct would inflict serious emotional and mental injury on a child.

76. When John Doe accused Baez of spraying him, Baez reported the incident untruthfully despite his duty to do the opposite.

77. Defendant's actions exceed all reasonable bounds of decency and is intolerable in a civilized community.

78. Defendant's actions proximately caused John Doe's emotional injury, psychological injury and loss of quality of life.

79. The mental anguish suffered by John Doe is serious, consequential and should not have to be endured by any child seeking to attend school in a safe environment.

80. The acts and conduct of Defendants were intentional, malicious and in wanton and reckless disregard of the rights and feelings of John Doe.

81. The acts and conduct of the Defendants were undertaken with deliberate indifference.

82. John Doe has sustained significant emotional injuries arising out of the Defendants' unlawful actions.

## Count V
## DEPRIVATION OF RIGHTS TO BE FREE FROM PHYSICAL ASSAULT AND BATTERY

83. Plaintiffs reassert the foregoing allegations and incorporate them by reference as if fully set forth herein.

84. Defendant Anthony Baez, while detaining John Doe, sprayed a juice box directly in his face and on his body.

85. The juice box being sprayed made John Doe gasp and feel further endangered for his safety.

86. As a result of the acts and conduct of Defendant Baez, personally and under color of state law, John Doe suffered physical and emotional injury which he continues to endure and for which Defendants are responsible.

87. Defendant Parma City School District continues to be deliberately indifferent to the suffering caused by Defendant Anthony Baez.

88. The acts and conduct of the Defendants were intentional, malicious and in wanton and reckless disregard of the rights and feelings of John Doe.

WHEREFORE, Plaintiffs urge this Court to grant the following relief:

A. Declare that the acts and conduct of the Defendants constitute violations of the Fourteenth Amendment to the Constitution of the United States and the Fourth Amendment to the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. §1983, and

B. Permanently enjoin the Defendants, their representatives and all others working in concert with them from engaging in the future in the actions which have the purpose or effect of depriving citizens of rights insured under the Fourth Amendment and the Fourteenth Amendment to the Constitution of the United States, the Civil Rights Act of 1871, 42 U.S.C. §1983;

C. Grant to the Plaintiffs and against the Defendants appropriate compensatory damages;

D. Grant to Plaintiffs against Defendant, Anthony Baez, appropriate compensatory, exemplary and punitive damages;

E. Grant to the Plaintiffs and against Defendants a reasonable attorney fee and costs as provided by federal statute;

F. Grant any additional relief the Court deems just, equitable and in the public interest.

| | |
|---|---|
| *s/Avery Friedman* | *s/Jared S. Klebanow* |
| Avery Friedman   (0006103) | Jared S. Klebanow   (0092018) |
| AVERY FRIEDMAN & ASSOCIATES | KLEBANOW LAW, LLC |
| 701 The City Club Building | 701 The City Club Building |
| 850 Euclid Avenue | 850 Euclid Avenue |
| Cleveland, Ohio  44114 | Cleveland, Ohio 44114 |
| P: (216) 621-9282 | P: (216) 621-8230 |
| F: (216) 621-9283 | jklebanow@klebanowlaw.com |
| avery@lawfriedman.com | |

*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby demand trial by jury.

*/s/Jared Klebanow*
Jared Klebanow